**In re: PEI TI TUNG, Debtor.**

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

**Cheng–Lu Hsieh, Appellant,**

v.

**Pei Ti Tung, Appellee.**

No. 06–35236.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 2, 2007.

Shun C. Chen, Esq., Law Offices of Shun C. Chen, Irvine, CA, for Appellant.

Martin E. Snodgrass, Esq., Snodgrass & Warren Inc., Everett, WA, for Appellee.

Before: B. FLETCHER, BEAM *, and RYMER, Circuit Judges.

## MEMORANDUM **

Debtor, Pei Ti Tung, filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Washington on June 4, 2002. Cheng–Lu Hsieh timely brought an adversary proceeding asserting the nondischargeability of her claim against Tung pursuant to 11 U.S.C. § 523(a)(2)(A), an exception in the Bankruptcy Code that prevents the discharge of debts resulting from fraud. Specifically, Hsieh contended that she invested $300,000 with Tung in a business venture based on Tung's fraudulent misrepresentations, and sought a nondischargeable judgment for that same amount. After five days of trial, the bankruptcy court ruled in favor of Tung, find-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing that Hsieh had not met her burden of proving fraud. Hsieh appealed to the Bankruptcy Appellate Panel (BAP), which affirmed. The BAP noted that the bankruptcy court's ruling rested largely upon its credibility determinations concerning matters of fact. The BAP found no clear error in these findings. Hsieh appeals, and we have jurisdiction pursuant to 28 U.S.C. § 158(d).

When reviewing a decision of the BAP, we independently review the bankruptcy court's decision, "reviewing any conclusions of law de novo, while reviewing findings of fact for clear error." *In re Reynoso,* 477 F.3d 1117, 1120 (9th Cir.2007). We accept the bankruptcy court's findings of fact unless we are left with the definite and firm conviction that the bankruptcy judge has committed a mistake. *Latman v. Burdette,* 366 F.3d 774, 781 (9th Cir. 2004). Whether a creditor relied upon false statements is a question of fact, as are the issues of intent to defraud, proximate causation of damages, and the materiality of the alleged fraud. *In re Candland,* 90 F.3d 1466, 1469 (9th Cir.1996).

We have reviewed the record and find no clear error in the bankruptcy court's factual findings and credibility determinations. Nor did the bankruptcy court err in reaching its legal conclusions. Accordingly, Hsieh's contentions lack merit.

**AFFIRMED.**